IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-81-BO

UNITED STATES OF AMERICA          )
                                  )
        v.                        )          O R D E R
                                  )
KENNETH WAYNE GOOD                )


This cause comes before the Court on defendant's motion to correct record pursuant to

Rule 36 of the Federal Rules of Criminal Procedure. The government has moved to dismiss

defendant's motion.

## BACKGROUND

Defendant was sentenced on October 18, 2006, to a term of 188 months' imprisonment.

Defendant did not file a direct appeal. Defendant filed a motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255 on June 15, 2012, which was denied by order filed October

2, 2012. Defendant filed the instant motion on October 10, 2012.

Defendant's advisory guidelines sentencing range was enhanced due to his classification

as a career offender under U.S.S.G. § 4B1.1 based on two prior North Carolina state convictions.

Defendant contends that there was a clerical error in the judgment related to one of those

convictions, and that he actually received a suspended sentence of ten to twelve months as

opposed to a suspended sentence of ten to twenty-three months as was originally reflected on the

judgment. A state court record reveals that defendant's judgment was corrected to reflect a

sentence range up to twelve instead of twenty-three months on September 8, 2006 [DE 60-2].

Defendant contends that this Court's record should be corrected to reflect the amended judgment

and that he should be re-sentenced without the career offender enhancement in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

## DISCUSSION

As noted by the government in its motion to dismiss, the relief requested in the Rule 36 motion is that which would result from a successful motion to vacate, set aside, or correct sentence. 28 U.S.C. § 2255. Thus, the Court re-characterizes it as a § 2255 petition. *United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence"); *see also United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)-(2). While "it is settled law that not every numerically second [§ 2255 petition] is 'second or successive' within the meaning of the AEDPA," *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006), second petitions challenging the same conviction and sentence based on a subsequent change in substantive law are deemed to be successive and require authorization from the court of appeals in order to be filed. 28 U.S.C. § 2255(h); *Gilbert v. United States*, 640 F.3d 1293, 1295 (11th Cir. 2011) (petitioner who claims his career offender enhancement is invalid in light of subsequently decided authority may not raise the issue in a second § 2255 petition filed with the district court as such a petition is barred by § 2255(h)). Absent pre-filing authorization, a district

2

court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

As the instant motion attacks the same conviction and sentence as was earlier challenged by defendant's prior motion to vacate, it is properly construed as a second or successive § 2255 petition and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. Defendant is not required to receive notice of the Court's re-characterization of the motion as it has been found to be second or successive. *See United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).[1]

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the reasons discussed above, the government's motion to dismiss [DE 79]

---

[1] The Court further notes that defendant is unlikely to receive the benefit of *Simmons* as to the applicability of the career offender enhancement as he was not sentenced in excess of his statutory maximum. *See United States v. Powell*, 691 F.3d 554, 563 n.2 (4th Cir. 2011) (King, J. dissenting in part and concurring in the judgment in part) ("defendants labeled career offenders cannot receive sentences exceeding the applicable statutory maximum. Thus, those defendants also cannot rely on *Carachuri-Rosendo* to obtain § 2255 relief"). Moreover, even if the Court had jurisdiction to consider the instant motion, the motion would likely be untimely under 28 U.S.C. § 2255(f)(4), as defendant's state court judgment appears to have been amended in 2006.

3

is GRANTED and defendant's Rule 36 motion, herein re-characterized as a motion to vacate pursuant to 28 U.S.C. § 2255 [DE 76], is DISMISSED for want of jurisdiction. A certificate of appealability is DENIED.

SO ORDERED, this _____ day of March, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4