IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:06-CR-81-BO
NO. 5:12-CV-345-BO

| | |
|---|---|
| KENNETH WAYNE GOODE,<br>      Petitioner, | )<br>)<br>) |
| v. | )    **ORDER** |
| UNITED STATES OF AMERICA,<br>      Respondent. | )<br>)<br>)<br>) |

This matter is before the Court on petitioner's motion seeking reconsideration pursuant to Rules 59(e), 60(b), or alternatively under 29 U.S.C. § 2241 [DE 93], as well as petitioner's motion to correct court records pursuant to Rule 36 of the Federal Rules of Criminal Procedure [DE 96]. For the following reasons, petitioner's motion to reconsider and motion to correct are dismissed and petitioner's alternate request for relief pursuant to § 2241 is denied.

## BACKGROUND

Mr. Goode was sentenced on October 18, 2006, to a term of 188 months' imprisonment. He did not file a direct appeal. On June 15, 2012, he filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he relied on the Fourth Circuit Court of Appeals' decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), to argue that he was erroneously sentenced as a career offender. [DE 65]. This Court dismissed the § 2255 as untimely by order filed October 2, 2012. [DE 74]. Mr. Goode then filed a motion to correct the record pursuant to Rule 36 of the Federal Rules of Criminal Procedure. [DE 76]. The Court re-construed that motion as a second or successive motion pursuant to § 2255 and dismissed it for lack of jurisdiction by order entered March 6, 2013. [DE 82]. The court of appeals dismissed the appeal of that order, as petitioner had not demonstrated that he was entitled to a certificate of

appealability. [DE 88]. Petitioner now seeks reconsideration of the Court's October 2, 2012, order dismissing his § 2255 motion, in light of *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), *rev'd* 775 F.3d 180 (4th Cir. 2014 (en banc), *cert. denied* 135 S.Ct. 2890 (2015).[1] [DE 93]. He also seeks to have his pre-sentence report corrected pursuant Federal Rule of Criminal Procedure 36 to reflect that he is no longer a career offender for purposes of the advisory guidelines based on an amended judgment from 1999. [DE 96].

DISCUSSION

The relief requested in both motions is that which would result from a successful motion to vacate, set aside, or correct sentence. Thus, the Court is constrained to re-characterize both as § 2255 petitions. *United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003) ("A motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence.").

1.  Motion for Reconsideration

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). Rule 59 and 60 motions challenging the same conviction and sentence based on a subsequent change in substantive law are deemed to be successive and require authorization from the court of appeals in order to be filed. *Gonzalez v. Crosby*, 545 U.S.

---

[1] After petitioner filed the instant motion based on the panel decision in *Whiteside*, the Fourth Circuit, sitting en banc, vacated the panel decision and affirmed the district court's dismissal of the petition as untimely. *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc). The Supreme Court declined to grant certiorari. *Whiteside v. United States*, 135 S.Ct. 2890 (2015). Even though Mr. Goode's motion to reconsider is not supported by the case law, however, the Court must first consider whether it has jurisdiction over his motions.

2

524, 531 (2005). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

As the motion for reconsideration of the Court's order on petitioner's 2012 § 2255 attacks the same conviction and sentence as was earlier challenged, it is properly construed as second or successive § 2255 petition, and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. *See United States v. Downing*, 372 F. App'x 435, 436 (4th Cir. 2010) (unpublished) (finding it erroneous for a district court to consider the merits of a Rule 60(b) motion where it should have been construed as a successive § 2255, and the district court therefore lacked jurisdiction to consider it); *United States v. Mann*, 141 F. App'x 175, 2005 WL 1971851 (2005) (unpublished) (finding that motion under Rule 59(e) was a successive motion attacking petitioner's conviction under § 2255). A petitioner is not required to receive notice of the Court's re-characterization of the motion, as it has been found to be second or successive. *See, e.g., United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished). Accordingly, Mr. Goode's Rule 59(e) and 60(b) motions, re-characterized as a motion to vacate sentence under § 2255, are dismissed for want of jurisdiction.[2]

Petitioner has asked the Court, in the alternative, to characterize the motion to reconsider as a petition for relief under 28 U.S.C. § 2241. A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that

---

[2] Additionally, Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." Mr. Goode's motion was filed over 18 months after this Court entered judgment on his § 2255 motion. Assuming *arguendo* that the Court had jurisdiction over the Rule 59(e) motion, it would be denied as untimely filed.

3

provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has deemed § 2255 "inadequate or effective" only when:

> at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333–34; *see also United States v. Surratt*, ---F.3d---, 2015 WL 4591677, *11 (4th Cir. Jul. 31, 2015) (reaffirming that a petitioner is eligible for § 2241 relief only where he is "actually innocen[t] of the crime of conviction").

In the present case, Mr. Goode does not challenge the legality of his conviction; rather he challenges the sentence that he contends was based on prior drug convictions that are no longer properly considered in determining a sentence. As petitioner is only challenging the sentence imposed by the Court, he has failed to demonstrate that pursuit of relief through the provisions of § 2255 is inadequate. Accordingly, his motion under § 2241 is denied.

2. Motion to Correct Federal Court Records

Petitioner's motion to correct, re-characterized as a § 2255 motion to vacate his sentence, also properly is characterized as a successive § 2255 over which the Court lacks jurisdiction. Mr. Goode argues that one of his predicate convictions for application of the career offender enhancement was not actually a crime punishable by more than one year in prison. In support of his motion, he attaches the amended judgment from the state court, filed on January 27, 1999, which he alleges demonstrates that the crime was not punishable by more than one year.

Where "the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated," a numerically second petition is not considered successive. *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014). In the

4

present case, however, the amended judgment is dated January 27, 1999. Petitioner's first § 2255 motion was filed on June 15, 2012. Accordingly, the facts relied on by Mr. Goode—the filing of the amended state court judgment—existed when the numerically first motion was filed and adjudicated. In his motion, Mr. Goode does not give any reason why the amended judgment would not have been available to him at the time that he filed the first motion. Accordingly, Mr. Goode's motion is successive, and the Court must dismiss it for lack of jurisdiction.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is denied.

## CONCLUSION

For the reasons discussed above, petitioner's Rule 59(e) and 60(b) motions, herein re-characterized as a motion to vacate pursuant to 28 U.S.C. § 2255, [DE 93] are DISMISSED for want of jurisdiction, and petitioner's alternative petition for relief pursuant to 28 U.S.C. § 2241 [DE 93] is DENIED. Petitioner's motion to correct court records, also re-characterized as a motion to vacate pursuant to 28 U.S.C. § 2255 [DE 96] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED this __20__ day of August, 2015.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE